IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.,

  **Plaintiff,**

          **v.**                        **CIVIL NO.** 09-1448 (FAB)

JUAN NIEVES SOSA, <u>et al</u>.,

  **Defendants.**

MEMORANDUM & ORDER[1]

BESOSA, District Judge.

On March 19, 2009, plaintiff PPV Connection, Inc. ("PPVC") filed a complaint against many defendants[2] under the Communications Act of 1934, *as amended by* 47 U.S.C. §§ 553 (1992), 605 (1996), for illegally intercepting television programming and infringing on PPVC's exclusive rights to broadcast that programming. (Docket No. 1)  PPVC asserts that the defendants (mostly owners of restaurants, pubs, and bars) illegally

---

[1] Margaret-Ann Scotti, a second year student at Georgetown University Law Center, assisted in the preparation of this Memorandum and Order.

[2] Many defendants have been dismissed. The remaining defendants are: Juan Nieves-Sosa, Gerardo Lebron, Jose Lebron, Federico Steidel, Hector Alcaide-Cordona, Luis Rivera, Dalila Rosario-Dominguez, Roberto Torres-Rosario, Francisco Sanchez, Julio Orozco, Ivan Rosa, Jose A. Rodriguez-Lespier, William Guzman-Lebron, Pedro Javier Morales, Gerardo Lebron, and Ruben Mercado. The plaintiff also names as defendants each defendant's spouse and conjugal partnership. (<u>See</u> Docket No. 1)

intercepted the cable signal of a live television program[3] and broadcasted it, or assisted in its broadcasting, to patrons in their respective establishments.

On January 12, 2010, defendant Jose A. Rodriguez-Lespier filed a motion to dismiss for improper joinder, pursuant to the Federal Rule of Civil Procedure 20(2) ("Rule 20(2)"). (Docket No. 35) Defendant argues that the claim against him is not transactionally related to the claim against the first-named defendant. He claims he would therefore be unduly prejudiced at trial by having to present his case alongside the other named defendants. (Docket No. 35 at 6-7)

The Court considers the defendant's motion unopposed because PPVC failed to submit any opposing argument. The Court's independent analysis follows.

### Legal Standards

Under Rule 20(2), defendants may be joined if: (1) a right to relief is asserted against them jointly or severally, or the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) defendants share common questions of law or fact in the action. Fed.R.Civ.P. 20.

In cases involving unlawful communication interception, the second prong — showing that defendants share common questions of

---

[3] The program that defendants allegedly interpreted and broadcasted was the closed-circuit telecast of the Miguel Cotto/Antonio Margarito boxing match on July 26, 2008. (Docket No. 1 at 4)

law or fact — is easily satisfied because the cases concern the same federal anti-piracy laws.  Don King Productions, Inc. v. Colon-Rosario, 561 F. Supp. 2d 189, 191 (D.P.R. 2008) (observing that in unlawful communication interception cases, the second prong of Rule 20 is "easily met"; quoting DIRECTV v. Collins, 244 F.R.D. 408, 410 (D. Ohio 2007)).  Thus, in these cases, where defendants are not alleged to be jointly or severally liable, assertions of improper joinder often hinge on the first prong of Rule 20 — transactional relatedness, a "thornier" prong that is "often difficult to apply, and requires a case-by-case analysis." Id.

In two recent communication interception cases from the District of Puerto Rico, PPV Connection, Inc. v. Cuevas-Nieves, No. 09-1460, 2010 WL 339063, January 21, 2010 (D.P.R. 2010), and PPV Connection, Inc. v. Melendez, 679 F. Supp. 2d 189 (D.P.R. 2008), this Court followed a threshold articulated in Don King Productions (also a case arising in the District of Puerto Rico), holding that joinder was improper when: (1) there was no allegation that defendants acted in concert, (2) the only connection between defendants was that they were alleged to have violated the same federal anti-piracy laws for cable television, (3) defendants were likely to employ different defenses, and (4) defendants were likely to confront different evidence.  Cuevas-Nieves, 2010 WL 339063 at *3 (citing Don King Productions, 561 F. Supp. 2d at 191-194).  The analyses in Cuevas-Nieves and Melendez mirrored those made by

Civil No. 09-1448 (FAB)                                              4

several other district courts in finding that joinder in
communication-interception cases typically lacks the requisite
transactional relatedness because the defendants in those cases
were involved in discrete transactions, and would therefore likely
employ different defenses and confront different evidence.  <u>See</u>,
<u>e.g.</u>, <u>DIRECTV v. Boggess</u>, 300 F. Supp. 2d 444, 449 (S.D.W.V. 2004)
(finding that ten defendants' independent interceptions of
satellite television programming were "too remote to meet the
'reasonably related' test"); <u>DIRECTV v. Armellino</u>, 216 F.R.D. 240,
241 (E.D.N.Y. 2003) (finding that the independent interceptions of
television programming are "distinct and unrelated acts" and not a
proper basis for joining defendants).  This Court applies the <u>Don
King Productions</u> elements of analysis set forth in and applied in
these other communication interception cases to this case.

<strong>Discussion</strong>

1.   <em>Whether defendants acted in concert</em>

Here, PPVC does not allege that defendant Rodriguez-
Lespier or the other joined defendants were acting in concert with
the first-named defendant, and this Court is unable to imagine or
infer from the facts presented that defendants acted in concert.
(Docket No. 1)

2.   <em>Connections between the defendants</em>

PPVC alleges that defendants violated the same federal
anti-piracy laws by intercepting and broadcasting the same

Civil No. 09-1448 (FAB)                                              5

television program.  (Docket No. 1)  PPVC does not allege, and
defendants do not show, any other connection between defendants,
such as business deals between them related to the television
program at issue, any profit-making scheme related to the program,
or any sort of communication among the defendants showing any
connection related to the program.

        This Court does not find that intercepting the same live
television program alone satisfies the sort of "connection" needed
to establish the second element of the Don King Productions rubric.
Plaintiffs in Cuevas-Nieves and Melendez argued that the
interceptions of the same live television program by the defendants
in those cases demonstrated transactional relatedness among the
defendants.  Nevertheless, this Court found in Melendez that the
involvement of the same television program "[bore] little
relevance" to whether there was sufficient transactional
relatedness among the defendants.  Melendez, 679 F. Supp. 2d at
258.  The Court instead focused on the third and fourth elements of
Don King Productions.  This Court must also focus on the third and
fourth elements of the Don King Productions analysis because there
are no facts alleging any connection among defendants, except for
the fact that each allegedly intercepted the same television
program.

>    3.    *Whether defendants would likely employ different defenses or confront different evidence*

        Like the defendants in <u>Cuevas-Nieves</u> and <u>Melendez</u>, the defendants in this case are the owners of different venues, each of which allegedly intercepted PPVC's signal of the same television program.  (Docket No. 1)  In both <u>Cuevas-Nieves</u> and <u>Melendez</u>, the Court concluded that defendants had "different, albeit similar" transactions from which claims arose, so the Court assumed that the defendants would use different defenses and encounter different evidence.  <u>Melendez</u>, 679 F. Supp. 2d at 258; <u>Cuevas-Nieves</u>, 2010 WL 339063 at *4.  In his motion, defendant Rodriguez-Lespier stresses that there are significant differences between his venue, a restaurant, and the co-defendants' bars and pubs, which usually broadcast these types of television programs and charge entrance fees.  (Docket No. 35 at 5)  The only evidence that is certain to be similar from the facts alleged is the timing of the broadcasting because the television program at issue was a live event.  Thus, from the facts alleged and from what the Court can reasonably infer from the facts, it is likely that the defendants in this case will employ distinct defenses and encounter different evidence.

        After weighing the four elements set forth in <u>Don King Productions</u>, the Court finds that the first prong of Rule 20 is not met in this case because the claims against them do not "aris[e] out of the same transaction, occurrence, or series of transactions

or occurrences." Fed.R.Civ.P. 20.  The defendant is thus correct
that the defendants are improperly joined in this case.

   *4.  Prejudicial effect on joined defendants*

        In addition to the <u>Don King Productions</u> elements, the
Court weighs any possible prejudice that may arise from allowing
defendants to remain joined in this case.  Trying many claims
against multiple defendants in a single trial carries the risk of
confusing the jury and influencing its perception of individual
cases.  <u>See</u> <u>Movie Systems, Inc. v. Abel</u>, 99 F.R.D. 129, 130 (D.C.
Minn. 1983)(finding that trying multiple defendants charged with
independently pirating films would likely confuse the jury with the
many facts and issues presented to it).  In this case, it is likely
that the factual differences between the many defendants will give
rise to many different defenses and the presentation of evidence
unique to each defendant.  Presenting a diverse multitude of facts
and issues could confuse the jury or taint their perception of
individual cases.  This kind of confusion or taint could prejudice
all parties involved in the case; thus, the claims against the
defendants should be pursued separately to avoid the possibility of
prejudice.

## Conclusion

   This Court finds that each of the defendants are alleged to
have engaged in the same *kind* of illegal transaction, but they
nevertheless do not face claims "arising out of the *same*

   Case 3:09-cv-01448-FAB   Document 36   Filed 06/02/10   Page 8 of 8

Civil No. 09-1448 (FAB)                                             8

transaction, occurrence, or series of transactions or occurrences,"
as required under Rule 20.  (emphasis added); see <u>Abel</u>, 99 F.R.D.
at 130 (finding that multiple defendants who were alleged to have
independently pirated films engaged in "similar," but not the "same
transaction" as required by Rule 20).  All but the first named
defendant in this case will be dismissed from the present case for
the reasons stated above.[4]

For these reasons, the Court **GRANTS** the defendant's motion for
dismissal for improper joinder and **DISMISSES WITHOUT PREJUDICE**
PPVC's claims against all defendants except for the first one
named.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 2, 2010.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[4] Although no other defendants raised the issue of misjoinder,
misjoinder can be raised *sua sponte* under Rule 21.  <u>See</u> <u>Cuevas-Nieves</u>, 2010 WL 339063 at *3 (citing Rule 21 as allowing the court
to raise misjoinder issues *sua sponte*).